WO

MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicky Juvenal Alvarez-Caceres, aka Nicky J. Alvarez,<br><br>Petitioner,<br><br>v.<br><br>Kris Kline,<br><br>Respondent. | No. CV-19-05414-PHX-MTL (MTM)<br><br>**ORDER** |

Petitioner Nicky Juvenal Alvarez-Caceres, who is confined in the CoreCivic Central Arizona Florence Correctional Complex ("CAFCC") in Florence, Arizona, has filed a motion for leave to file a lodged pro se "Petition under 28 U.S.C. § 2241 and/or 28 U.S.C. § 2255 and/or under _____ for a Writ of Habeas Corpus by a Person in Federal Custody." (Docs. 1-2). Petitioner has also filed a motion for leave to file excess pages (Docs. 9), a motion to proceed in forma pauperis (Doc. 3), motions for appointment of counsel (Docs. 4, 7, 11, 15), a motion for hearing (Doc. 6), and a motion in limine (Doc. 12).

**I.     Background**

Petitioner is a native and citizen of Peru.  He entered the United States on an unknown date and adjusted his status to that of a lawful permanent resident.  On November 9, 2010, Petitioner was convicted in Las Vegas, Nevada of two counts of possession of a controlled substance with the intent to sell, and sentenced to concurrent

13-month terms of imprisonment in Clark County District Court, Case No. 10C262164.[1] Petitioner appealed his convictions and sentences, and on March 7, 2012, they were affirmed by the Nevada Supreme Court. *Alvarez v. State*, 2012 WL 762030 (Nev. Sup. Ct. Mar. 7, 2012). As a result of his convictions, Petitioner was placed in removal proceedings, and on September 29, 2015, an immigration judge ordered him removed from the United States.[2] In December 2015, Petitioner was removed to Peru. (Doc. 2 at 36.)

In 2019, Petitioner reentered the United States and was apprehended by immigration officials. He was then transferred into the custody of the United States Marshals Service, and on July 17, 2019, he was indicted with criminal reentry in violation of 8 U.S.C. § 1326(a). *United States v. Alvarez-Caceres*, CR-19-01847-TUC-JGZ (BGM) ("CRDoc.") (D. Ariz. Jul. 17, 2019). Petitioner subsequently moved to dismiss his indictment, challenging the removal order underlying his criminal reentry charge. (CRDocs. 57, 74.) Following a hearing before the trial court, on May 12, 2020, his motions to dismiss were denied, and his case was set for trial. (CRDocs. 95-96.)

**II.    Petition**

In his 303-page lodged Petition, Petitioner names CAFCC Warden Kris Kline as a Respondent and brings four grounds for relief. Petitioner summarizes his challenges as follows.

> 1. My 2019 ILLEGAL REENTRY CASE, CHALLENGING THE VALIDITY and/or THE CONSTITUTIONALITY OF MY DETENTION ON THIS ACTION and/or JUDICIAL REVIEW, WRIT, etc. criminal federal charges. PREJUDICE by counsel(s) on record, I'm suffering severe, extremely, unusual, etc. ineffective assistance of counsel(s), MALPRACTICE, THE TRIAL COURT, THE GOVERMENT, THE GOVERMENTS AGENTS, THE LAW ENFORCEMENT, etc[.], violation of 1[st], 4th, 5th, 6th, 8th, 14th, amend, Etc. 'FRUIT OF THE POISONOUS TREE.'

---

[1] *See* https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7575283 (last accessed Jun. 5, 2020).

[2] *See* https://portal.eoir.justice.gov/InfoSystem/CourtInfo (last accessed Jun. 5, 2020).

2. My 2019 ICE/DHS/GOVERMENT'S AGENTS ILLEGAL HOLD, CHALLENGING THE VALIDITY and/or THE CONSTITUTIONALITY OF MY DETENTION ON THIS ACTION and/or JUDICIAL REVIEW, WRIT, etc. and/or for 2019 ILLEGAL REMOVAL/DEPORTATION without a hearing 'FAST TRACT DEPORTATION' new law, president Trump's executive power law! and/or JUDICIAL REVIEW, WRIT, etc. criminal federal charges. PREJUDICE by counsel(s) on record, I'm suffering severe, extremely, unusual, etc. ineffective assistance of counsel(s), MALPRACTICE, THE TRIAL COURT, THE GOVERMENT, THE GOVERMENTS AGENTS, THE LAW ENFORCEMENT, etc., violation of 1st, 4th, 5th, 6th, 8th, 14th, amend, Etc. 'FRUIT OF THE POISONOUS TREE' and CHALLENGING the merits of the 2015 FINAL ORDER OF REMOVAL.

3. My 2015 ILLEGAL REMOVAL PROCEDING and/or 2015 ILLEGAL REMOVAL, CHALLENGING THE VALIDITY and/or THE CONSTITUTIONALITY ON MY DETENTION ON THAT ACTION and/or JUDICIAL REVIEW, WRIT, etc. I suffered severe, extremely, unusual, etc. PREJUDICE BY IJ, THE COURT, THE GOVERMENT, THE GOVERMENTS AGENTS, LAW ENFORCEMENT, etc[.] violation of 1st, 4th, 5th, 6th, 8th, 14th, amend, etc. (immigration used the 2010 criminal case to deported me [i]n 2015, and for the 2015 warrantless arrest, IJ denied me to have WITNESSES and EVIDENCE and/or EVIDENCE of TIES on this country) and CHALLENGING the merits of the 2015 FINAL ORDER OF REMOVAL.

4. My 2010 ILLEGAL FELONY CRIMINAL CONVICTION CASE, Las Vegas N.V., CHALLENGING THE VALIDITY and/or THE CONSTITUTIONALITY ON MY DETENTION ON THAT ACTION and/or JUDICIAL REVIEW, WRIT, etc. PREJUDICE by counsel on record, I suffered severe, extremely, unusual, etc. Ineffective assistance of counsel(s), MALPRACTICE, BY THE TRIAL COURT, THE GOVERMENT, THE GOVERMENTS AGENTS, THE LAW ENFORCEMENT, etc[.], violation of 1st, 4th, 5th, 6th, 8th, 14th, amend, etc. (immigration used this case to deported me on 2015, and for the 2015 warrant-less arrest) I WAS PREJUDICE[D] BY COUNSEL ON RECORD, and deprived of a fair proceeding, by provide me constitutional Ineffective assistance of counsel, because of his erroneous behavior, deficient performance at the proceeding and trial, on his own words 'I'll make sure that you lose your trial' vindictive behavior making it a 2010 ILLEGAL FELONY CRIMINAL CONVICTION, etc.

(Doc. 2 at 5-6.)

Petitioner asks the Court to: (1) reverse his state convictions, (2) dismiss his federal indictment, (3) order his immediate release from custody, and (4) enjoin his future transfer into the custody of the United States Department of Homeland Security ("DHS").

### III. Screening of the Petition

District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[3] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions … are instructed to summarily dismiss claims that are clearly not cognizable."); *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) ("Habeas jurisdiction over [] legal and constitutional claims is proper only if they are 'colorable,' i.e., 'the claim must have some possible validity.'" (quoting *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001))); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

### IV. Discussion

#### A.  Federal Criminal Proceedings

Habeas corpus is not the appropriate vehicle for Petitioner's pretrial challenges to his federal criminal proceedings. Because the issues raised, if resolved in his favor, would be dispositive of his pending criminal reentry charge, he must exhaust those claims by presenting them to the trial court and on direct appeal before he can assert them in a collateral habeas corpus action. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Medina v. Choate,* 875 F.3d 1025, 1029 (10th Cir. 2017) ("§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial"); *Timms v. Johns*, 627 F.3d 525, 531 n. 5 (4th Cir. 2010) (observing that the general rule of

---

[3] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

exhaustion before habeas corpus review has been extended to federal detainees); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (allowing defendants to simultaneously pursue both § 2241 petitions and raise challenges in their criminal proceedings "would eviscerate [the] goal of judicial economy by engaging the attention of two courts on the same case at the same time"); *Thoresen v. Goodwin*, 404 F.2d 338, 339 (9th Cir. 1968) ("Trial, and not habeas corpus, is the appropriate manner of resolving the issue of guilt of the federal crime and subordinate issues relating to elements of the crime."). In short, Petitioner's claims should be raised in his ongoing criminal case, not in a pretrial 28 U.S.C. § 2241 petition or § 2255 motion.

### B. Removal Proceedings and Order

Petitioner's challenges to his 2015 removal proceedings and removal order are barred from habeas corpus review in district court. *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact ... arising from any action taken or proceeding brought to remove an alien from the United States … shall be available only in judicial review of a final order of removal…."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal ...."). His claims directly attack and are inextricably linked with his removal proceedings, and therefore must have been or must be challenged before the agency and channeled through the petition-for-review process in the Ninth Circuit Court of Appeals. *See Id.; J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031-32 (9th Cir. 2016); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011); *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007).

### C. Immigration Detainer

Habeas corpus is not available to challenge an immigration detainer or "hold." A detainer is a request made by DHS for a law enforcement agency to provide notice prior to releasing an alien so that DHS may arrange to assume custody, should it decide to do so. *See* 8 C.F.R. § 287.7. A detainer, alone, does not place an individual in DHS

custody, initiate removal proceedings, or guarantee that an individual will in fact be detained in DHS custody for removal proceedings. Therefore, a detainer does not place an individual "in custody" for purposes of habeas corpus proceedings under § 2241. *See* 28 U.S.C. §§ 2241(c)(1), (3). And, insofar as Petitioner attempts to enjoin DHS from taking him into custody, or to preemptively litigate any defense to future removal proceedings, this Court lacks habeas corpus jurisdiction to address his claims. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9), (g).

### D.  State Convictions

It is a jurisdictional requirement that a habeas corpus petitioner challenging a state conviction be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v, LaVallee*, 391 U.S. 234, 238 (1968)). When the sentence imposed for the conviction under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 491-92. "[T]he collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492.

Petitioner states that he "did [his] time" for his 2010 state convictions and "was release[ed] on HONORABLE DISCHARGE from parole." Because Petitioner is not in custody pursuant to his 2010 state convictions, the Court lacks habeas corpus jurisdiction over his challenges to them. *Maleng*, 490 U.S. at 492; *see also Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). To the extent immigration consequences of an expired state conviction *could possibly* satisfy the "in custody" requirement for federal habeas corpus review,[4] they do not do so in this instance. Petitioner is not in immigration custody and

---

[4] *See Padilla v. Kentucky*, 559 U.S. 356, 357 (2010) ("Although removal proceedings are civil, deportation is intimately related to the criminal process, which makes it uniquely difficult to classify as either a direct or a collateral consequence."); *but see Resendiz v. Kovensky*, 416 F.3d 952, 956–58 (9th Cir. 2005) (immigration consequences of a state-court conviction constitute collateral consequences and do not satisfy the in-custody requirement for purposes of determining whether subject-matter jurisdiction is lacking), *abrogated on other grounds by Chaidez v. United States*, 568 U.S. 342 (2013).

the removal proceedings related to his state convictions concluded in 2015.

Accordingly, the Petition fails to state a cognizable claim for habeas corpus relief under 28 U.S.C. §§ 2241, 2254, or 2255, and will be dismissed.

**IT IS ORDERED:**

(1)   Petitioner's Motion for Leave (Doc. 1) is **granted**.  The Clerk of Court shall **file** the lodged "Petition under 28 U.S.C. § 2241 and/or 28 U.S.C. § 2255 and/or under _____ for a Writ of Habeas Corpus by a Person in Federal Custody" (Doc. 2).

(2)   Petitioner's Petition (Doc. 2) and this case are **dismissed without prejudice**.

(3)   The Clerk of Court must enter judgment accordingly and terminate this case.

(4)   Petitioner's remaining motions (Docs. 3, 4, 6, 7, 9, 11, 12, 15) are **denied as moot**.

(5)   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, and Rule 11(a) of the Rules Governing Section 2255 Proceedings, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 8th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge